IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JERRY E. MOORE, SR.**

    **Plaintiff,**

    **v.**                                            Case No. 2:10-CV-514
                                                                 JUDGE WATSON
                                                                 MAGISTRATE JUDGE KING

**WESBANCO BANK, INC.,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's motion to disqualify counsel appearing on behalf of Defendant Fry. *Motion to Disqualify Counsel*, Doc. No. 16 ("*Motion to Disqualify*"). The parties have consented to the undersigned, pursuant to 28 U.S.C. § 636(c), for the limited purpose of resolving this motion. *Motion to Disqualify*, p.3; *Memorandum of Defendant Daniel Fry in Opposition to Plaintiff's Motion to Disqualify Counsel,* Doc. No. 17, p.7 ("*Memorandum contra*"). For the reasons that follow, the motion is denied.

### I.

Plaintiff Jeffrey E. Moore, Sr. ["Plaintiff"], who is African-American and who resides in Belmont County, Ohio, brings this action against WesBanco Bank, Inc., and Daniel Fry, identified as an Assistant Prosecuting Attorney for Belmont County, Ohio.[1] Plaintiff claims that

---

[1] The *Complaint* also refers to "John Doe" deefendants.

he was discriminated against on account of his race and was deprived of his constitutional rights in violation of 28 U.S.C. §§ 1981 and 1983 and R.C. § 4112.02.  Plaintiff also asserts a claim under 12 U.S.C. § 3401, *et seq.*, as well as claims of invasion of privacy and abuse of process. Plaintiff's claims arise in connection with events that are alleged to have occurred during the course of the prosecution of Plaintiff's son for allegedly robbing the WesBanco Bank.  The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

The matter presently before the Court concerns Plaintiff's request to disqualify the law firm of Isaac, Brant, Ledman and Teetor [hereinafter "Isaac Brant"] from the representation of Defendant Fry in this matter.  An answer was filed on behalf of Defendant Fry on August 5, 2010 by Mark H. Troutman and Jeffrey A. Stankunas of Isaac Brant.  *Answer,* Doc. No. 2.  On August 18, 2010, Mark Landes, also of Isaac Brant, entered an appearance on behalf of Defendant Fry.  *Appearance of Counsel*, Doc. No. 3.

As Plaintiff points out, Isaac Brant previously represented Plaintiff in an action in this Court, *Creer v. Moore*, 2:02-CV-951.[2]  According to Plaintiff, that case "involved [P]laintiff's personal family relationships" and Plaintiff asserts that, during the pendency of the matter, Plaintiff made confidential disclosures to Isaac Brant attorneys.  *Motion to Disqualify*, at 2. According to Plaintiff, "defense counsel's prior representation of him and his disclosure of personal information about both him and his family puts the defendants at an advantage in this case . . . ."  *Id.*  Thus, Plaintiff requests that Isaac Brant be disqualified to continue as counsel for Defendant Fry in this case.

---

[2]*Creer* involved claims against Jerry Moore, Plaintiff in this case, for malicious prosecution, abuse of process, defamation, interference with business relations and intentional infliction of emotional distress.  Summary judgment in favor of Mr. Moore was entered in 2004.  *See Order*, attached as Exhibit to *Motion to Disqualify.*

Defendant Fry opposes the motion, arguing that there is no conflict of interest.  Attorney Landes, a lawyer with Isaac Brant who represented Plaintiff in *Creer*, avers that he "learned of no information concerning [Plaintiff's] personal or familial relationships" nor did he "receive any other confidential information" during the course of his representation.  *Affidavit of Attorney Mark Landes*, at ¶ 5, attached as Exhibit A to *Memorandum contra*.  Attorney Landes further avers that his co-counsel in *Creer* "left the firm in 2005 without ever conveying any confidential information to me regarding [Plaintiff] . . . ."  *Id.*, at ¶ 7.  Attorney Landes explains that, because Defendant Fry has been sued in his official capacity, "Belmont County's policy with the Counties of Ohio Risk Sharing Authority is providing him a defense."  *Memorandum contra*, at 1, n.1.  Attorney Landes' appearance in this case was a function of his capacity "as trial counsel for the County Risk Sharing Authority."  *Affidavit of Attorney Mark Landes*, at ¶ 3.  He has not "actively participated in any discovery in the case."  *Id*.  Attorney Landes withdrew as counsel for Defendant Fry on May 16, 2011.  *Notice of Withdrawal of Co-Counsel Mark Landes*, Doc. No. 18.  Attorneys Troutman and Stankunas of Isaac Brant remain as counsel for Defendant Fry.

In opposing the *Motion to Disqualify*, Defendant Fry argues that Plaintiff has failed to articulate a basis for disqualification under the applicable legal standard.  Defendant Fry also argues that Plaintiff has waived the right to challenge Defendant's counsel since the issue of disqualification was not raised until February 2011.[3]  Plaintiff has not replied to these arguments.  The Court will now proceed to consider the merits of Plaintiff's motion.

## II.

---

[3] The actual *Motion to Disqualify* was not filed until May 6, 2011.

The Court observes at the outset that the power to disqualify an attorney from representation in a case is "incidental to all courts, and is necessary for the preservation of decorum, and for the respectability of the profession." *Nilavar v. Mercy Health System - Western Ohio*, 143 F.Supp.2d 909, 912 (S.D. Ohio 2001) (Rice, J.) (citations omitted). Motions to disqualify are, however, viewed with extreme caution. *Id.* "Because litigants often make such motions for tactical reasons, and because disqualification of counsel impinges on a party's right to employ the counsel of its choice, the moving party bears the burden of establishing the need for disqualification." *Id.* (citations omitted).

### III.

The Court first addresses the issue of timeliness of the *Motion to Disqualify*. In *In re National Century Financial Enterprises, Inc.*, No. 2:03-MD-1565, 2010 WL 1257598 at *9 (S.D. Ohio March 29, 2010) (Graham, J.), this Court held that a motion to disqualify is properly denied when the moving party fails to move for disqualification in a timely manner. A court must consider the following five factors in determining whether a party has waived the right to seek disqualification: "(1) the length of the delay in bringing the motion to disqualify; (2) when the former client learned of the conflict; (3) whether the former client was represented by counsel during the delay; (4) why the delay occurred; (5) whether the delay would result in prejudice to the moving party." *Id.*, quoting *Exterior Systems, Inc. v. Noble Composites, Inc.*, 175 F.Supp.2d 1112 (N.D. Ind. 2001).

In this case, Plaintiff waited some six months after the filing of Attorney Landes' notice of appearance before raising the issue of disqualification. Plaintiff offers no justification for this

delay.  Although the Court expresses concern about the length of time between Attorney Landes' appearance and the filing of the *Motion to Disqualify*, the Court nevertheless declines to determine the motion on the basis of untimeliness alone.

According to the United States Court of Appeals for the Sixth Circuit, a party seeking the disqualification of an adversary's attorney must establish three elements.  First, there must be a past attorney-client relationship between the party seeking disqualification and the attorney sought to be disqualified; second, the subject matter of those relationships must be substantially related; and third, the attorney must have acquired confidential information from the party seeking disqualification.  *Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio*, 900 F.2d 882, 889 (6th Cir. 1990).

In considering these factors, the Court concludes that there is no basis for disqualifying Isaac Brant from its representation of Defendant Fry in this action.  Although Attorney Landes, who previously appeared as counsel in this case, also represented Plaintiff some years ago in *Creer,* there is no basis upon which to conclude that *Creer* was substantially related to this case. Plaintiff's bare conclusory assertion that *Creer* involved Plaintiff's "personal family relationships" is simply insufficient to establish a substantial relation between the actions. Moreover, Attorney Landes affirmatively avers that he learned no confidential information during *Creer* and no such information was relayed to him by any other co-counsel in that action, all of whom have since left Isaac Brant.  Plaintiff has failed to controvert those assertions. Thus, Plaintiff has failed to satisfy the second and third parts of the *Dana* test.

Given the lack of support for the motion to disqualify and, in view of Attorney Landes' withdrawal from this action, the Court concludes that Plaintiff's *Motion to Disqualify* is without

merit.

### IV.

**WHEREUPON**, Plaintiff's *Motion to Disqualify*, **Doc. No. 16**, is **DENIED**.

**June 15, 2011**              *s/ Norah McCann King*
**DATE**                       **NORAH McCANN KING**
                               **UNITED STATES MAGISTRATE JUDGE**